UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEM THOMPKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL E. CUEVA,<br><br>    Defendant. | Case No. 21-cv-07907-SK<br><br>**ORDER TO SHOW CAUSE**<br><br>Regarding Docket No. 1 |

Petitioner, a state prisoner currently incarcerated at the California Medical Facility in Vacaville, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Alameda County Superior Court. The petition is properly before the undersigned for initial review because Petitioner has consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).

**BACKGROUND**

Petitioner was convicted by a jury on November 20, 2013 of two counts of first degree murder (California Penal Code ["P.C."] § 187), five counts of attempted murder (P.C. § 187/664), and possession of a firearm by a felon (P.C. § 12021(a)(1)). He was sentenced to 96 years and eight months on October 27, 2017. As to the first-degree murder counts, the jury found true the following special circumstances: the crime was committed for the benefit of a criminal street gang (P.C. §§ 186.22(b)(5) and 187); personal use of a firearm, personal intentional discharge, and resultant death or great bodily injury (P.C. §§ 12022.5(a), 12022.7(a), and 12022.53(b)-(d)); and multiple murder (P.C. § 190.2(a)(3)). On March 19, 2014, Petitioner was sentenced to life imprisonment without the possibility of parole, plus 224 years to life.

/ / /

/ / /

# DISCUSSION

**A.  Standard of Review.**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id*. § 2243.

**B.  Claims.**

Petitioner seeks federal habeas corpus relief by raising claims for denial of due process. Liberally construed, the claims appear cognizable under § 2254 and merit an answer from respondent. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally).

# CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall serve a copy of this order and the petition and all attachments thereto upon the California Attorney General's Office, 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer responding to the allegations in the petition and showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all documents that are relevant to a determination of the issues presented by the petition.

/ / /
/ / /
/ / /
/ / /
/ / /

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED**.

Dated: November 29, 2021

_____
SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California

3