UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CLEM THOMPKINS,<br>   Petitioner,<br>  v.<br>DANIEL E. CUEVA,<br>   Respondent. | Case No. 21-cv-07907-BLF<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Re: ECF No. 9] |

Petitioner Clem Thompkins, who is currently confined in the California Medical Facility in Vacaville, California, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in state court. *See* ECF No. 1 ("Pet."). Respondent Daniel E. Cueva, the acting warden of the California Medical Facility, has filed a motion to dismiss Thompkins' Petition, arguing that Thompkins' state criminal judgment is not final because he is awaiting resentencing on remand in state court. *See* ECF No. 9 ("MTD"). Cueva opposes the motion to dismiss. ECF No. 12 ("Opp."). For the following reasons, the Court agrees with Respondent and GRANTS the motion to dismiss WITHOUT PREJUDICE.

**I. BACKGROUND**

On November 20, 2013, a jury convicted Thompkins of two counts of first-degree murder (Cal. Pen. Code § 187), five counts of attempted murder (*id.* § 187/664), and possession of a firearm by a felon (*id.* § 12021(a)(1)). Pet. ¶ 5; *see also People v. Thompkins*, 50 Cal. App. 5th 365, 385–86 (2020). On one of the first-degree murder counts, the jury found the special circumstance of multiple murder, Cal. Pen. Code § 190.2(a)(3). *Thompkins*, 50 Cal. App. 5th at 386. The jury also found that the crimes were committed for the benefit of a criminal street gang (Cal. Pen. Code §§ 186.22(b)(5), 187) and that Thompkins personally and intentionally discharged

1  a firearm resulting in death or great bodily injury (*id.* §§ 12022.5(a), 12022.7(a), 12022.53(b)–
2  (d)).  Pet. ¶ 6; *Thompkins*, 50 Cal. App. 5th at 386.  Thompkins was sentenced to life
3  imprisonment without the possibility of parole, plus 224 years to life.  Pet. ¶ 7; *Thompkins*, 50 Cal.
4  App. 5th at 386.

5      Thompkins timely appealed to the California Court of Appeal.  Pet. ¶ 8.  On appeal, the
6  California Court of Appeal affirmed his first-degree murder convictions but reversed the
7  convictions on the five counts of attempted murder due to instructional error.  *Id.* ¶ 9; *Thompkins*,
8  50 Cal. App. 5th at 420–21.  The Court of Appeal remanded on the first-degree murder
9  convictions solely for the superior court to consider whether the firearm enhancements should
10 apply.  *Id.* at 420.  On the five attempted murder counts and related enhancements, the Court of
11 Appeal stated that the People could choose to retry Thompkins.  *Id.*

12     While pursuing his direct appeal of his conviction and sentence, Thompkins filed a petition
13 for a writ of habeas corpus in the California Court of Appeal.  Pet. ¶ 11.  The Court of Appeal
14 issued an order to show cause to the Alameda County Superior Court, which conducted an
15 evidentiary hearing and denied the petition.  *Id.* ¶¶ 12–16.  Thompkins then filed a petition for a
16 writ of habeas corpus in the California Court of Appeal, which denied the petition on June 26,
17 2020.  *Id.* ¶¶ 17–18.  Thompkins filed a petition for a writ of habeas corpus with the California
18 Supreme Court, which denied relief on October 14, 2020.  *Id.* ¶ 19.

19     Thompkins filed the instant Petition in this Court on October 8, 2021.  *See* Pet.
20 Respondent moved to dismiss on January 21, 2022.  *See* MTD.

21 **II.   LEGAL STANDARD**

22     A federal habeas petition cannot be granted until a petitioner has exhausted state court
23 remedies for his claims.  28 U.S.C. § 2254(b)(1).  In other words, before seeking federal collateral
24 review, a petitioner must first present his claim to the highest court of his state.  *See Duncan v.*
25 *Henry*, 513 U.S. 364 (1995) (per curiam); *see* 28 U.S.C. § 2254(b)(1)(A).  "A petitioner has
26 satisfied the exhaustion requirement if (1) he has 'fairly presented' his federal claim to the highest
27 state court with jurisdiction to consider it, or (2) he demonstrates that no state remedy remains
28 available."  *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).  "[A] district

court must dismiss habeas petitions containing both unexhausted and exhausted claims." *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

### III. DISCUSSION

Respondent contends that Thompkins' Petition must be dismissed without prejudice because he is currently awaiting resentencing on remand. MTD at 3. Because Thompkins' sentence is not final, there is an ongoing state proceeding that requires abstention under *Younger v. Harris*, 401 U.S. 37 (1971), Respondent says. *Id.* at 2–4. Thompkins recognizes that his final sentence has not been imposed, but argues that the resentencing on the two first-degree murder counts and the reversal on the attempted murder counts are "collateral issues" to his habeas claims, which focus on his actual innocence. Opp. at 2. Instead, "special circumstances" warrant this Court's immediate intervention because dismissing the Petition "will result in an innocent man languishing in jail without his . . . claims being heard in a timely matter." *Id.* at 3. Thompkins further argues that dismissing his Petition could raise timeliness issues with any forthcoming petition under AEDPA. *See id.* at 3–4. Finally, if the Court is inclined to find that Thompkins' claims are not yet ripe, Thompkins asks the Court to stay the case rather than dismissing his Petition. *Id.* at 4–5.

The Court agrees with Respondent that the Petition must be dismissed. *Younger* established a "fundamental policy against federal interference with state court prosecutions." 401 U.S. at 46. Abstention by a federal court is required where, absent extraordinary circumstances, (1) there is an ongoing state proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity to raise the constitutional challenge in state court; and (4) the requested relief enjoins or has the practical effect of enjoining the ongoing state proceeding. *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018); *Gipson v. Gastelo*, 2021 WL 1925536, at *1 (N.D. Cal. May 13, 2021).

All of those criteria are met here. First, as numerous courts have recognized, there is an "ongoing state proceeding" where a habeas petitioner is awaiting resentencing on remand to the superior court. *See, e.g.*, *Gipson*, 2021 WL 1925536, at *2 (dismissing habeas petition under *Younger* where petitioner awaiting resentencing on remand where superior court needed to

3

consider whether to impose enhancements); *Lacy v. Miyamoto*, 2021 WL 23300, at *2 (N.D. Cal. Jan. 4, 2021) (same). Second, there is no question that state criminal proceedings "implicate important state interests" in "administering their criminal justice systems free from federal interference." *Lacy*, 2021 WL 23300, at *2; *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Third, Thompkins will have an opportunity to raise the same constitutional challenges to the final judgment after his resentencing that he has raised in this premature Petition. *Lacy*, 2021 WL 23300, at *2; *Gipson*, 2021 WL 1925536, at *2. Finally, ruling in Thompkins' favor on this Petition now would interfere with the ongoing state proceedings by overturning a state conviction that has no final judgment and in which all appeals have not been exhausted. *Gipson*, 2021 WL 1925536, at *2. *Younger* accordingly compels abstention here.

Thompkins' arguments to the contrary are not persuasive. First, that the issues that the superior court is confronting on resentencing are not the same as those Thompkins asserts in his Petition does not mean that there are not "ongoing proceedings" in state court. Second, as Respondent argues, Thompkins' resentencing will result in a new judgment such that AEDPA will not time-bar a new habeas petition. *See Wentzell v. Neven*, 674 F.3d 1124, 1127 (9th Cir. 2012).[1] And finally, the Court finds that there are no "special circumstances" warranting departure from *Younger* abstention here. Thompkins' claim of actual innocence is raised in many habeas petitions, and he cites no authority in which a court departed from well-established abstention doctrine in these circumstances.

The only remaining issue is whether this Court should (1) grant the motion to dismiss and stay the case, or (2) grant the motion to dismiss without prejudice to filing a new habeas petition after resentencing and exhaustion of appeals. The Court finds that a stay is not warranted. Thompkins has cited no authority staying a habeas case where there is no final judgment that is the subject of the Petition. In contrast, multiple courts in this District have dismissed petitions challenging non-final sentences in exactly these circumstances. *See Lacy*, 2021 WL 23300, at *4

---

[1] The cases Thompkins cites concern scriveners' errors that did not affect the finality of the previous judgment, not resentencings that resulted in substantively new judgments. *See, e.g.*, *Gonzalez v. Sherman*, 873 F.3d 763, 769, 772 (9th Cir. 2017).

(denying stay request and dismissing petition challenging non-final sentence); *Belfield*, 2020 WL 8614099, at *2 (N.D. Cal. Sep. 28, 2020) (same); *see also Gipson*, 2021 WL 1925536, at *2 (dismissing petition in identical circumstances); *Eberhart v. Spearman*, 2018 WL 6728005, at *2 (N.D. Cal. Dec. 21, 2018) (same). The Court will accordingly dismiss the Petition without prejudice to Thompkins filing a new petition after the conclusion of his direct appeal.

## IV.  ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Respondent's motion to dismiss is GRANTED WITHOUT PREJUDICE to Thompkins filing a new petition for a writ of habeas corpus asserting his claims after his direct appeal has concluded.

Dated:  April 4, 2022

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge